**Ann ROGERS, Appellee,**

v.

**John O. MARSH, Secretary of the Army, Appellant.**

**No. 84–1936.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1985.

Decided May 15, 1985.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and HEANEY, BRIGHT, ROSS, McMILLIAN, ARNOLD, JOHN R. GIBSON, FAGG and BOWMAN, Circuit Judges, en banc.

ORDER

Deborah Kant and Robert Kopp, Dept. of Justice, Washington, D.C., for appellant.

John G. Lile, Pine Bluff, Ark., for appellee.

Before HEANEY, BRIGHT and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

Ann Rogers, a civilian employee of the Pine Bluff Arsenal, operated by the Department of the Army, brought this Title VII case claiming that she had been denied a promotion because of her sex. The District Court[1] found in favor of the plaintiff and awarded her retroactive promotion and backpay. On appeal, the Secretary of the Army does not contest the finding of discrimination. He argues, however, that the award of retroactive promotion and backpay was error because the District Court failed to find that plaintiff would have received the promotion in question "but for"

the discrimination against her.[2] We read the District Court's opinion as having found that plaintiff would have received the promotion had it not been for defendant's unlawful discrimination. We further hold that this finding was not clearly erroneous, and we therefore affirm the judgment in favor of plaintiff.

Rogers is a female employee at the Pine Bluff Arsenal, a civilian operation run by an Army commander. The civilian employees are ranked by grade levels and steps. Salaries increase as the grade levels and the intervening steps get higher. From the time that Rogers was hired in 1971 until 1981, she was employed as a clerk stenographer at a grade level of GS–3 or GS–4 and at various steps. Although she had a Bachelor of Science in business administration in real estate and experience in the real-estate business, she was denied numerous promotions. In 1982 she filed a sex-discrimination claim under Title VII, 42 U.S.C. §§ 2000e—2000e–17 (1982).

Her claim involves the position of Housing Project Manager at the Arsenal. A vacancy was announced for this position in February 1979, at a GS–7 level. Rogers and two other women, Martha Cumnock and Martha Velvin, applied for the position between February 7 and February 13, 1979. Each woman was found to be unqualified or ineligible. Cumnock and Velvin were in fact unqualified because they lacked specialized experience, but Rogers, who had the required experience, was ruled ineligible because she did not meet the Army's time-in-grade requirement, which prohibits the skipping of two grade levels. To be eligible for the position under the time-in-grade requirement, Rogers would have had to have been at a GS–5 level for one year.

On February 20, 1979, the Housing Project Manager position was restructured, and the grade level was raised to GS–9.

---

1. The Hon. Elsijane Trimble Roy, United States District Judge for the Eastern and Western Districts of Arkansas.

2. Plaintiff argues that it was unnecessary for the District Court to make a "but for" finding. Because we hold that this finding was in fact made, it is not necessary for us to address this issue further.

James Dean, the prior manager, was offered the position, but he turned it down. Thereafter, on March 8, 1979, the Civilian Personnel Office decided that two people, Tess Hill and Jack Nyholm, were highly qualified for the position, and their names were passed on to a selecting official. Although the selection was made after the position had been restructured to a GS–9 level, the names passed on to the selecting official were under the classification of GS–7, and for Housing Project "Assistant" instead of Manager. Hill took the position on a temporary basis not to exceed one year. A male, Herbert Caviness, was selected for the position on a permanent basis in September 1979, at the GS–9 level. Caviness stayed only a few months, and a vacancy was again announced in April 1980. At this point Hill was selected.

It is the Arsenal's policy to try to fill its vacancies from within. Although the time-in-grade requirement prohibits the skipping of two grade levels, this rule can be waived. Positions can be restructured to different levels, or the position can be placed in an upward-mobility program. "Upward mobility" program is an affirmative-action program which helps certain groups, such as women and minorities, rise to higher positions. If this kind of restructuring had taken place in February 1979 (as it later did with respect to the very position involved here), Rogers would have been eligible for the promotion.

The District Court found that Rogers had made a prima facie case. See *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802–804, 93 S.Ct. 1817, 1824–1825, 36 L.Ed.2d 668 (1973). Rogers showed that she was a member of a minority, that she applied for and was qualified for the position the employer was trying to fill, that she was rejected, and that the employer continued to seek applicants. The government met the second part of the test by articulating a legitimate, nondiscriminatory reason for the employee's rejection. It argued that Rogers did not meet the time-in-grade requirement, and that even if she had she still did not have the necessary specialized experience. The District Court

found that Rogers did have the necessary specialized experience and that the defendant's reliance on the time-in-grade requirement was pretextual. "[T]he plaintiff [met] her burden of demonstrating that the articulated reason was a pretext for discrimination and that the defendant intentionally discriminated against her because of her sex [.]" *Rogers v. Marsh*, 573 F.Supp. 635, 638 (E.D.Ark.1983). In the District Court's view, defendant could have waived the time-in-grade requirement, but did not do so because Rogers was a woman.

As we have noted, the government does not now contest the finding of discrimination. It argues instead that the District Court erred in awarding retroactive promotion and backpay without finding that but for the discrimination Rogers would have received the position. We believe the District Court's opinion, when fairly read, in fact contains such a finding. The Court states, at 638, that "the defendant [met] its burden to articulate some legitimate, nondiscriminatory reason for rejecting [plaintiff] for promotion [.]" It then found "that the articulated reason was a pretext for discrimination...." *Id.* at 638. The rules of grammar and logic alike demonstrate to our satisfaction that this language contains the "but for" finding that the government contends is a prerequisite of the relief involved in this case. The government says that Rogers did not receive the promotion because of her failure to meet the time-in-grade requirement, and the District Court found that this reason was a pretext for sex discrimination, that is, that if Rogers had been a man, the time-in-grade requirement would have been waived. That is what "but for" means.

The question remains whether this finding—that Rogers would have received the position—is clearly erroneous. There is evidence from which the District Court could properly have concluded that, as among the initial three applicants, Rogers, Cumnock, and Velvin, Rogers would have been selected. She was the only one of the

three who had the required experience in real estate. The government points out, however, that two other applicants, Hill and Nyholm, also competed for the position, and that Hill, a woman, was in fact chosen. There is insufficient evidence, defendant contends, to support a finding that but for her sex Rogers would have been preferred over Hill or Nyholm.

The real dispute, then, on this phase of the case is whether there were three applicants for the position of Housing Project Manager, or five. The District Court found that only three women applied and that none of them received the promotion. Rogers and the two other women applied for the job on or before February 13, 1979. Less than a week later, the position was restructured to a GS–9 level, and defendant attempted to attract James Dean, the prior manager, to the job. Hill, a woman, eventually got the job only after Dean turned it down, and only after the position was reclassified back down to a GS–7 and renamed "Assistant" instead of Manager. Certainly in these circumstances it is a plausible view of the facts that the position as originally advertised attracted only three applicants, and that but for the discrimination one of these applicants, Rogers, would have been selected. Hill, a woman, did get the job later, but only after efforts to secure a man had failed, and the position had then been downgraded. The government contends that the same position was in fact involved all along, and that the change in title to "Assistant" is a typographical error, and it may be right, but we are not the finders of fact, and the Supreme Court has recently admonished us that "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Anderson v. City of Bessemer City,* — U.S. —, —, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985).

Affirmed.